## APPEAL OF FIDELITY UNION TRUST CO., EXECUTOR, ESTATE OF CHARLOTTE R. BUTTERWORTH.

Docket No. 5433. Promulgated February 10, 1927.

The Commissioner was not in error when he reduced the amount of a deduction claimed under section 403(a)(2) of the Revenue Act of 1921, for previously taxed property, by the amount allowed as a part of a deduction under section 403(a)(3) of the same Act for charitable bequests, where the petitioner has failed to show that the funds in the amount of the reduction derived from the sale by the decedent's executor of a part of the previously taxed property were not necessary to the payment of the charitable bequests under the will.

*Daniel L. Campbell, Esq.*, for the petitioner.
*J. C. Swayze, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency in estate tax amounting to $557.81, arising out of a reduction by the Commissioner of a deduction claimed under section 403(a)(2) of the Revenue Act of 1921. The reduction was based on the contention that part of the value of the property so deducted had already been allowed as a deduction under section 403(a)(3) of the Act.

### FINDINGS OF FACT.

The petitioner, a New Jersey corporation, is the duly qualified executor of the estate of Charlotte R. Butterworth, who died January 22, 1923, a resident of Summit, N. J. John F. Butterworth, her husband, died May 27, 1921, and the estate tax has been paid on behalf of his estate.

That part of the will of Charlotte R. Butterworth, deceased, which is pertinent hereto, is as follows:

FIRST: I direct the payment of all my just debts, funeral and testamentary expenses as soon as convenient after my decease.

SECOND: I give and bequeath to my sisters, Anna B. Duryee, Mary O. Duryee and Amy C. Duryee, or such of them as survive me, all my jewelry, wearing apparel, household goods and household furnishings.

THIRD: I give and bequeath (a) to my faithful housekeeper, Margaret Leonard, the sum of Five Hundred Dollars; and (b) to my faithful former housekeeper, Maria McClaury, the sum of Two Hundred and Fifty Dollars.

FOURTH: I give and bequeath to the Bishop of the Diocese of Newark, New Jersey, all my theological books for use in the Diocese or in Missionary Districts.

FIFTH: I give, devise and bequeath to my sisters, Anna B. Duryee, Mary O. Duryee and Amy C. Duryce, or such of them as survive me, my house and lot known as No. 61 de Forest Avenue, Summit, New Jersey.

SIXTH: I give and bequeath to the Overlook Hospital at Summit, New Jersey, and to the hospital of this Diocese, " St. Barnabas Hospital, Newark,

New Jersey," each the sum of Fifteen Thousand Dollars, with which to endow a bed in each hospital—one bed to be known as the "John F. Butterworth Memorial," and the other as the "Charlotte R. Butterworth Memorial."

SEVENTH: I give and bequeath to George F. Butterworth and Helen A. Butterworth, brother and sister of my late husband, John F. Butterworth, such amount as I may receive from the estate of my said husband, less Fifteen Thousand Dollars given to one of the aforesaid hospitals, share and share alike.

EIGHTH: Should my said brother-in-law, George F. Butterworth, predecease me, then and in that event I give the share that he would have received had he survived, to his issue per stirpes. Should said Helen A. Butterworth predecease me, then and in that event I give and bequeath the amount she would have received had she survived, to George F. Butterworth, or if he be dead to his issue per stirpes.

NINTH: I direct my executors hereinafter named, or the survivors or survivor of them, to convert the remainder of my estate, both real and personal, into money, and to distribute the same among my brother, sisters, and the issue of my decease[d] brothers in the same manner as if I had died intestate thereto.

The gross estate of Charlotte R. Butterworth, deceased, amounted to $190,416.06, of which $56,436.12 represented property which she had received under the will of her husband, which had formed a part of his gross estate situate in the United States, and which was in the form of securities and had been found intact in a separate safe deposit box in the Summit Trust Co. of Summit, N. J., marked "Estate of John F. Butterworth."

The petitioner kept these securities separate from the other assets of the decedent, Charlotte R. Butterworth, and sold certain of them for $15,239 in cash. It transferred the remainder of these in kind to George F. Butterworth and Helen A. Butterworth, and in addition paid them in cash $239, the excess over $15,000 realized from the above sale.

The proceeds of the sale were mingled with other funds of the decedent which had been realized from the sale of other securities. From these funds were paid the two legacies of $15,000 each to the hospitals mentioned in paragraph "Sixth" of the will.

All of the devises and legacies were paid and the transfers required by the will were made.

Charges against the estate amounting to $9,701.83 were paid. No part of the property received from the estate of the husband was used to pay these charges. The petitioner claimed the following deductions under section 403 (a) of the Revenue Act of 1921:

| | |
|---|---|
| 1. Charges against estate | $9,701.83 |
| 2. Property identified as taxed within five years | 56,436.12 |
| 3. Charitable bequests | 30,000.00 |
| 4. Exemption for resident decedents | 50,000.00 |
| Total | 146,137.95 |

The Commissioner allowed all of these deductions as claimed, except the one for property identified as taxed within five years, which he reduced to $25,007.27. At the hearing he admitted that this figure should be increased in the amount of $14,761, but contended that $15,239 of the deduction claimed by the petitioner had already been allowed as a deduction under charitable bequests, inasmuch as the petitioner had failed to prove the contrary.

OPINION.

MURDOCK: Section 403 (a) (2) of the Revenue Act of 1921 is as follows:

SEC. 403. That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

* * * * * * *

(2) An amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent where such property can be identified as having been received by the decedent from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received: *Provided*, That this deduction shall be allowed only where an estate tax under this or any prior Act of Congress was paid by or on behalf of the estate of such prior decedent, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraphs (1) or (3) of subdivision (a) of this section. This deduction shall be made in case of the estates of all decedents who have died since September 8, 1916.

The Commissioner, in his calculation of the deduction to be allowed under the above portion of the Act, had authority to limit that deduction to the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and to the extent that the value of such property was included in the decedent's gross estate. In other words, the value of such previously taxed property for the purpose of determining the deduction can not be greater than the amount at which it was included in the decedent's gross estate and can not be greater than the amount at which it was valued in determining the gross estate of the prior decedent, but should be as large as the lesser of the two amounts above mentioned.

The respondent admits by the pleadings that the value of this property was included in the gross estate of the decedent to the extent of $56,436.12. Yet, in the calculation of the deficiency, it is apparent that the value of $55,007.27 was used, and, as is indicated in his brief, this figure was used because it represented the value of the previously taxed property as of the date of the decedent's death.

It is apparent, therefore, that some mistake has been made which must be corrected under Rule 50; either the gross estate of this decedent should be reduced in the amount of $1,428.85, or the deductions under section 403(a)(2) of the Revenue Act of 1921, as allowed by the Commissioner in the determination of the deficiency, should be increased in the amount of $1,428.85.

Section 401 of the Revenue Act of 1921 imposes a tax equal to a percentage of the value of the net estate (determined as provided in section 403) upon the transfer of the net estate of this decedent. Section 403 provides that the value of the net estate shall be determined in the case of a resident by making certain deductions from the gross estate. We are concerned only with the question of an alleged double deduction which the Commissioner claims is contrary to a portion of the proviso in section 403(a)(2), "*Provided,* That this deduction shall be allowed * * * only to the extent that the value of such property is * * * not deducted under paragraphs (1) or (3) of subdivision (a) of this section." Paragraph (1) allows a deduction of administration expenses and certain other charges and losses, and paragraph (3) allows a deduction of charitable bequests or devises and certain other devises and bequests of a similar nature.

The Commissioner admits that "the value of such property" was not deducted under paragraph (1), and that the deduction of $9,701.83 was proper, but claims that to the extent of $15,239 "the value of such property" was deducted under paragraph (3) and he therefore has reduced the deduction under paragraph (2) in that amount.

We are convinced that the excess of $239 realized from the sale of the securities from the husband's previously taxed estate was turned over to the husband's brother and sister to pay the balance of the bequest under paragraph "Seventh" of the will, that no part of it was used to pay the bequest under paragraph "Sixth" of the will, and that no part of the value of it was deducted under section 403(a)(3). Therefore the deductions under section 403(a)(2) as allowed by the Commissioner should be further increased by this amount.

But we are unable to say from the record that the full amount of the $15,000 realized from the sale of securities from the estate of the husband was not required to pay one of the $15,000 legacies to the hospitals, because we do not know how much of the gross estate represented the value of property disposed of in the specific devise and specific legacies under paragraphs "Second," "Fourth," and "Fifth" of the will.

Paragraph "Second" of the will was what is termed a specific bequest or legacy, and could only be satisfied by the petitioner deliv-

ering the specific things therein individualized and mentioned to the persons named. Paragraphs "Fourth" and "Fifth" were similar and could only be satisfied in the same way. We know that of the decedent's gross estate about $134,000 represents the value of property other than that received from her husband's estate. But we do not know the value of decedent's jewelry, wearing apparel, household goods and household furnishings, of her theological books, and of her house and lot, known as No. 61 de Forest Ave., Summit, N. J., all of which she specifically disposed of in her will. Suppose that those items had a value of $119,000. Then only $15,000 would have been available from her own property to pay a part of the $30,000 bequeathed to the two hospitals and it would have been necessary to use the $15,000 realized from the sale of the husband's securities to complete the payment of the $30,000 just mentioned. If it had been absolutely necessary to use $15,000 realized from the sale of the husband's securities to pay one-half of the charitable bequests, we can not say that the Commissioner was in error when he reduced the total deductions claimed under section 403 (a) (2) by $15,000, for the reason that he had already allowed a deduction represented by this $15,000 in the deductions for charity under section 403 (a) (3), since, to the extent of $15,000, the value of such previously taxed property was thus deducted under paragraph (3) of subdivision (a) of this section.

We can see no distinction between this case and the case of a decedent whose gross estate was $115,000, consisting of a house and lot worth $100,000, and securities worth $15,000, the latter received from her husband, whose estate had been taxed within five years, where the decedent by her will devised her house and lot to her sister and gave $15,000 to charity, and then claimed a deduction of $15,000 as a charitable bequest under section 403 (a) (3) and $15,000 as a deduction on account of previously taxed property under section 403 (a) (2), and which latter claimed deduction we would deny for the reason that it was a double deduction and represented value of previously taxed property already deducted under paragraph (3) of section 403 (a).

It may well be that the items listed above to which we have given an assumed value of $119,000 were worth much less and that, instead of a fund of $15,000, there was a fund of $80,000 or $90,000 available from her own property to pay the charitable bequests, but we have no proof of the real facts in this particular, and consequently we must approve the Commissioner's determination in regard to the item of $15,000.

The corrected deductions are, therefore:

1. Charges against estate_____ $9, 701. 83
2. Property identified as taxed within five years_____ 41, 436. 12
   Or (to be determined under Rule 50) _____ 40, 007. 27
3. Charitable bequests_____ 30, 000. 00
4. Exemption for resident decedents_____ 50, 000. 00

We are not attempting to decide what the proper deductions under this section would be had it been shown that there was money or property of the decedent available to pay this bequest to charity, exclusive of any money received from the estate of the prior decedent, and exclusive of any property required to satisfy the specific bequests under the will.

It is not unlikely that we would have had this situation before us had we been given the real facts in this case. But, due to faulty pleadings or a failure of proof, we are unable to find any facts save those set out above.

The pertinent part of the petition is as follows:

In paragraph 5 we find:

The facts upon which the taxpayer relies as the basis of its appeal are as follows:

The gross estate of Charlotte R. Butterworth amounted to over One Hundred and Ninety Thousand Dollars of which amount, Fifty-six Thousand Four Hundred Thirty-six Dollars and Twelve Cents represented what she received under the will of her husband who predeceased her and whose estate was taxed within five years previous to her death and the amount so received by her was, therefore, exempt under the law.

The total debts and expenses of the administration of her estate were less than Nine Thousand Dollars and *it is evident* there was ample estate of her own in the *residuary* thereof to pay said debts and administration expenses and, further, to satisfy all *specific* legacies and devises and leave a considerable *residuary*. (Italics ours.)

The answer " admits the facts alleged therein (except the amount of debts and administration expenses which is $9,701.83 instead of less than $9,000 as alleged * * *)."

In the first place an argumentative phrase, " it is evident," is used instead of a straightforward and unqualified allegation, " there was." Overlooking this point, we next note that the term " residuary " is twice used in the same sentence referring to two quite different things, neither of which is the residuary estate of the decedent in the sense that that term refers to the residue after the payment and satisfaction of all legacies and devises, specific, demonstrative, and general. The first time the petitioner used the term it apparently referred to that part of the gross estate of the wife, exclusive of any property received from the estate of the husband, *before* the deduction of her debts, expenses, legacies and devises of all kinds. The

second time it used the term it apparently referred to that part of her gross estate, exclusive of any property received from the estate of the husband, *after* all debts, administration expenses, and specific legacies and devises had been deducted, but *before* any demonstrative or general devises or legacies, if any, had been deducted. Admitting the petitioner's allegation, but not knowing the amount or value of this fund or part of her estate, we are unable to say whether or not it was sufficient to pay the general bequests made in the " Third " and " Seventh " paragraphs of the will and also to pay more than $15,000 of the $30,000 bequeathed to the two hospitals.

There was no testimony in regard to this point, the return is not in evidence, the deficiency letter does not clarify the situation, we know nothing of what transpires in the Bureau of Internal Revenue in regard to any case, and there is nothing else to relieve the petitioner from the failure of proof caused by its own loose, inaccurate, uncertain, and confusing pleading.

> *Judgment will be entered on notice of 15 days, under Rule 50.*